(C. D. 512)

BUTLER BROS. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 6, 1941)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiffs.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Samuel D. Spector* and *Joseph E. Weil,* special attorneys), for the defendant.

KEEFE, Judge: This suit arising at New Orleans involves the classification of certain china bonbon dishes with bamboo handles. Duty was assessed thereon at 70 per centum ad valorem and 10 cents per dozen pieces under the provisions of paragraph 212, Tariff Act of 1930, as china tableware. The importer claims that the merchandise is not tableware or kitchenware and therefore is properly dutiable at 70 per centum ad valorem under the same paragraph without the application of the specific rate of 10 cents per dozen pieces.

At the trial of this case nine witnesses testified for the plaintiffs. The first witness identified the sample as a part of the shipment in question and the remainder of the witnesses, all well qualified to testify as to the use of the articles in question and as to the manner in which they were bought and sold, were all agreed that the bonbon dishes in question were never used on the table in the service of meals, that they were never bought and sold as tableware or kitchenware and that the bonbon dishes were of the character of articles seen used upon an end table or occasional table for holding candy or nuts and passed around during the evening among guests, and that the articles are not of the character of tableware used upon the dining table during a meal or in the kitchen.

The defendant called two witnesses, the first a commercial witness, who testified that he had seen articles such as here in question used in the home as candy or fruit dishes "on tables," that he had seen them in different places in the home, such as in the living room and on dining-room tables, end tables, occasional tables, bridge tables, but he admitted, however, that he had never seen them used in connection with the service of meals.

The examiner of merchandise testified for the Government that it had been the practice for 5 years to advisorily classify bonbon dishes as not included in tableware or kitchenware and he followed that classification in his advisory notations although it was his personal belief at that time that the article consisted of tableware and at the present time such articles are classified as tableware in accordance with a bureau letter and T. D. 48935.

The plaintiffs contend that bonbon dishes do not come within the common meaning of tableware, to wit, ware for use at table in the service of meals. It is the Government's contention, on the other hand, that tableware means wares or articles for use at the table and is not limited to wares or articles used at the table during the service of meals.

At the trial of this case counsel for the Government presented the issue to the court as follows:

Mr. WEIL. Mr. Schwartz adduced his proof in Chicago. The issue is very simple. The merchandise was classified as tableware at 70 per cent and 10 cents

per dozen pieces. The importer claims it is not tableware but is dutiable at a straight 70 per cent. It is a bonbon dish, or a candy dish.

The sole question presented to the court was whether or not the merchandise in question was tableware or kitchenware and the preponderance of evidence adduced clearly establishes that the merchandise is not within the common meaning of said terms. However, in brief of Government counsel the alternative contention is made that, if the articles are held not to come within the common meaning of tableware or kitchenware, they fall within the meaning of the terms "table and kitchen utensils," and it is pointed out that the plaintiffs have failed to offer proof to establish that the imported merchandise is not table utensils. From the testimony of the examiner of chinaware it is clear that the only question arising is whether or not the merchandise is tableware or kitchenware; that the advisory classification of the articles was "not tableware" but upon reconsideration in view of the decision of this court in the case of *Traum* v. *United States*, T. D. 48935, the articles were classified for duty by the collector as tableware.

In the *Traum* case, *supra*, it was held that dishes used for the serving of tid-bits, nuts, hors d'ouvres, at a tea or at cocktail and bridge parties were included in articles which may be placed upon the table for the service of meals and therefore came within the general classification of "tableware." The evidence before us in the case at bar excludes the articles from the general classification as "tableware." Therefore the collector's classification of the articles as "tableware" resulting in an additional duty of 10 cents per dozen separate pieces is clearly erroneous.

As to the articles in question being properly classifiable as a "table * * * utensil," we are of the opinion that Congress, in writing the provision for a duty of 10 cents per dozen separate pieces upon table and kitchen utensils, had no intention of applying such duty to all table and kitchen *articles*. Had such been the intention, Congress very easily could have so stated and entirely omitted the provision for tableware or kitchenware as being included within the more general classification. Unquestionably a more narrow meaning was intended in the use of the word "utensils." Such article is defined on page 6677 of the Century Dictionary and Cyclopedia, vol. 8, as follows:

An instrument or implement * * * now, more especially, an instrument or vessel in common use in a kitchen, dairy, or the like, as distinguished from agricultural implements and mechanical tools.

On page 6380, under the definition of tool, utensils are further defined as follows:

A *utensil* is literally something to be used; the word has by usage become restricted to articles of domestic and farming use.

In Webster's New International Dictionary, the word "instrument" is defined as:

A material thing or mechanical device for performing work or producing an effect; tool; utensil; implement * * *.

In other words, a utensil is an article capable of being utilized in the sense of a tool or implement or instrument useful in accomplishing a specific result.

In view of the common meaning of "utensil," the term "table utensil" as used in paragraph 212 embraces an article of such character that it may be utilized in performing work or producing an effect, such as in the preparation of food or drink.

For the reasons stated judgment will be entered in favor of the plaintiffs directing the collector to reliquidate the entry and make refund accordingly.