No. 50564.—Protests 71433–K, etc., of American Factors, Ltd., et al. (Honolulu).

Opinion by CLINE, J. It was stipulated that the merchandise is similar in all material respects to that the subject of *United States* v. *Nippon Co.* (32 C. C. P. A. 164, C. A. D. 303), which record was admitted in evidence herein. In accordance therewith certain items of the merchandise were held entitled to free entry under paragraph 1705 as kelp, and other items were held dutiable at 10 percent under paragraph 1540 as seaweeds, manufactured.

No. 50565.—Protests 18270–K, etc., of Rich Products Corp. et al. (New York).

Opinion by KEEFE, J. It was stipulated that the merchandise consists of dog food similar in all material respects to that the subject of *Corporacion Argentina de Productores de Carnes* v. *United States* (32 C. C. P. A. 175, C. A. D. 304), which record was incorporated herein. In accordance therewith the protests were sustained as claimed.

No. 50566.—Protest 91841–K of Stone & Downer Co. (Boston).

Opinion by KEEFE, J. It was stipulated that the merchandise consists of dog food similar in all material respects to that the subject of *Corporacion Argentina de Productores de Carnes* v. *United States* (32 C. C. P. A. 175, C. A. D. 304), which record was incorporated herein. In accordance therewith the protest was sustained as claimed.

No. 50567.—Protest 948837–G (B) of United China & Glass Co. (Galveston).

Opinion by KEEFE, J. It was stipulated that the merchandise consists of bonbon dishes the same in all material respects as those the subject of *Butler Bros.* v. *United States* (6 Cust. Ct. 444, C. D. 512), which record was incorporated herein. In accordance therewith and following the decision cited, which was affirmed in effect in *United States* v. *Butler Bros.* (33 C. C. P. A. 22, C. A. D. 310), the merchandise was held properly dutiable at 70 percent ad valorem under paragraph 212 without the additional assessment of 10 cents per dozen pieces.

No. 50568.—Protests 957583–G/11413, etc., of United China & Glass Co. (New Orleans).

Opinion by KEEFE, J. It was stipulated that the merchandise consists of bonbon dishes the same in all material respects as those the subject of *Butler Bros.* v. *United States* (6 Cust. Ct. 444, C. D. 512), which record was incorporated herein. In accordance therewith and following the decision cited, which was affirmed in effect in *United States* v. *Butler Bros.* (33 C. C. P. A. 22, C. A. D. 310),

the merchandise was held properly dutiable at 70 percent ad valorem under paragraph 212 without the additional assessment of 10 cents per dozen pieces.

**No. 50569.**—Protests 92706–K, etc., of Armour & Co. et al. (New York).

Opinion by KEEFE, J. At the trial it was stipulated that the reliquidation of the entries herein involved is similar in all material respects to that in *Bel Paese Sales Co., Inc.* v. *United States* (15 Cust. Ct. 7, C. D. 932). In accordance with stipulation and following the decision cited, judgment was entered directing the collector to reliquidate the entries herein, refunding the duty established to have been taken in excess, in accordance with decision and judgment in Abstract 44860.

**No. 50570.**— Protests 98590–K, etc., of Conestoga Cream & Cheese Mfg. Corp. et al. (New York).

Opinion by KEEFE, J. At the trial it was stipulated that the reliquidation of the entries herein involved is similar in all material respects to that in *Bel Paese Sales Co., Inc.* v. *United States* (15 Cust. Ct. 7, C. D. 932). In accordance with stipulation and following the decision cited, judgment was entered directing the collector to reliquidate the entries herein, refunding the duty established to have been taken in excess, in accordance with decision and judgment in Abstract 45361.

**No. 50571.**—Protests 61196–K, etc., of Perry H. Chipurnoi et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50572.**—Protests 116258–K, etc., of Anglo Oriental Importing & Rug Co. (New York).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.