**No. 58248.**—The Baltimore and Ohio Railroad Company *v.* United States, protest 192588–K (Baltimore).

JOHNSON, Judge: The merchandise in this case consists of earthenware articles imported from England and invoiced as "Bon Bons," with names of shapes, such as "Bettws," "Kipling," "Cowes," "Arden," and "Kingsley." Duty was assessed thereon at the rate of 10 cents per dozen pieces and 50 per centum ad valorem under paragraph 211 of the Tariff Act of 1930 as "decorated earthenware, not wholly of clay, not tableware." The plaintiff claims that the articles are customarily used on the table as vegetable or large butter dishes in the service of meals and, therefore, are dutiable as tableware, other than plates, cups, and saucers, valued $2 or more per dozen, at the rate of 25 per centum ad valorem and 10 cents per dozen pieces under the same paragraph, as amended by the General Agreement on Tariffs and Trade, T. D. 51802.

At the trial, the ultimate consignee testified that he was in the business of importing and distributing fancy pottery and kindred lines, selling his merchandise in 38 states, and that he has seen various articles he sells actually used. The witness produced samples of the Kipling and Kingsley shapes, which were marked in evidence as illustrative exhibits 1 and 2. A card was produced bearing photographs of various items, including the items in question. On the reverse side of the card, by means of numbers from 1 to 38, inclusive, it appears that items 20 to 24, described as "Sweet Dish," cover the shapes Bettws, Kipling, Arden, Kingsley, and Cowes. The card was marked in evidence as illustrative exhibit 3 to show item No. 20, illustrating the "Bettws," item No. 24, illustrating the "Cowes," and item No. 22, illustrating the "Arden."

The witness testified further that the articles in such shapes have many different decorations; that the card number, shown as 21, represents the "Kipling," and No. 23, the "Kingsley"; that he was personally familiar with the manner in which the articles in question were used in the United States, from his experience, general knowledge, and personal observation; that he had seen them used on a table as containers of olives or pickles, where he was invited to dine in a southern state, and he has also used them on his own table; and that he has seen similar small dishes used for salads or other fruits in Illinois and Indiana in hotels and restaurants, as well as in homes. He admitted that he did not have any way of knowing how the imported articles are used outside of his own personal observation.

On cross-examination, the witness testified that he sells his merchandise to stores, ranging from the smallest gift shop to some of the largest department stores, by describing the articles on the sales slip by the name which the factory producing the article used, which witness admitted was bonbon. The witness defined the word "bonbon" as "a sort of substitute word for a dish that will accommodate various sorts of food, such as lettuce and nuts and olives" but admitted that it referred to candy. He had not seen these particular shapes used in restaurants. The witness also admitted that he had seen articles such as are here in question used as candy dishes, and that, in seeing such articles in use as tableware, he limited his observation to two states.

The Government moved the incorporation of the record in the case of *United States* v. *Butler Bros.*, 33 C. C. P. A. (Customs) 22, C. A. D. 310. Counsel for the plaintiff objected to the incorporation thereof as a part of the record herein on the ground that the merchandise in that case consisted of a chinaware dish with wicker handles, entirely different from the articles in the case at bar. The incorporation of such record was not finally passed upon by the judge hearing the case. The incorporation thereof is hereby denied.

A careful examination of the evidence before the court fails to disclose that the articles in question, invoiced as "Bon Bons," described on illustrative exhibit 3 as "Sweet Dish," and sold in this country under the invoice description of bonbon, are chiefly used in the service of meals, or are commonly known as tableware. The samples themselves are potent witnesses to the fact that they are not the same as ordinary tableware, but are of the shapes and sizes of bonbon or candy dishes.

The action of the collector in assessing same as decorated earthenware, not tableware, which is presumptively correct, has not been overcome by evidence to the contrary. Judgment will, therefore, be entered in favor of the Government.