BEFORE THE SECOND DIVISION, JANUARY 22, 1962

**No. 66400.**—Joseph B. Mendelson and Phyllis G. Mendelson *v.* United States, protest 61/16587 (San Francisco).

RAO, Judge:   Plaintiffs, above named, are the importers of a Volkswagen sedan, which was assessed with duty at the rate of 8½ per centum ad valorem,

pursuant to the provision for automobiles in paragraph 369 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108.

By timely protest, plaintiffs claim that said automobile was acquired abroad by them jointly as husband and wife, within the contemplation of paragraph 1798(c) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1953, and that, therefore, their personal exemptions as returning residents should have been applied against the value of said vehicle.

This protest has been submitted for decision upon a written stipulation for the respective parties hereto which reads as follows:

1. That the protest herein is directed against the assessment of duty of $60.35, by the Collector of Customs, San Francisco, California, on the automobile imported by plaintiffs into the United States upon their return from Europe, on January 19, 1961, which automobile was imported into the United States on board the SS. President Arthur:

2. That the automobile in question was a Volkswagen Sedan bearing a British license number GB QJ 3917, motor number 3890178, and chassis number 3168760.

3. That said automobile was purchased by plaintiffs as community property from VW Motors Ltd., Lords Court 32/34 St. John's Wood Road, London N.W. 8, England, on August 24, 1960 under the following circumstances:

    a. On or about June 17, 1960, plaintiffs ordered from Reynold C. Johnson Co., Volkswagen distributors at 1600 Van Ness Avenue, San Francisco, California, the new automobile in question for delivery in London, England, at the above named British automobile dealer's address, on or about August 24, 1960, and on said June 17, 1960, plaintiffs paid to said San Francisco automobile dealer the full purchase price of said automobile, including the transportation costs of said new automobile from the factory in Germany, to England.

    b. That thereafter, on or about August 16, 1960, plaintiffs left the United States for a 100 day pleasure trip to Europe, and thereafter, on their arrival in London, England, and on August 24, 1960, took delivery and title to said automobile from said British automobile dealer above set forth, placed insurance thereon effective said date, registered said automobile under British motor vehicle regulations, and thereby acquired said automobile.

4. That in assessing duty on the aforesaid automobile the Collector of Customs allowed the sum of $490.00 for depreciation, the car having been used abroad by plaintiffs.

5. Plaintiffs have driven said autmoble [*sic*] abroad over 8,000 miles prior to its importation.

6. At no time prior to August 16, 1960, the date of departure of plaintiffs from the United States for said trip abroad, and particularly on June 17, 1960, the date of the payment of said purchase price in San Francisco, California, were plaintiffs or said Reynold C. Johnson Co., San Francisco Volkswagen distributors, cognizant or aware of the existence of said particular Volkswagen automobile to be acquired by plaintiffs in England, it being well possible that said automobile had not yet been released from the German factory, and at no time prior to the arrival of plaintiffs in England on August 17, 1960, were plaintiffs advised of the existence of said automobile.

7. That from and after the date of acquisition of said automobile by plaintiffs as community property, each of them have continuously owned said automobile as community property, and did so own said automobile in said capacity on January 19, 1961, the date of its importation into the United States.

8. That the plaintiffs and the undersigned Attorney for the United States believe that the above stipulated facts are substantially the same facts as those involved in the case of *The United States* v. *Robert K. Herbst*, decided by United States Court of Customs and Patent Appeals on July 14, 1961, Customs Appeal No. 5061 [C.A.D. 781] and that the personal exemptions of plaintiffs as returning residents under paragraph 1798(c) of the Tariff Act of 1930, as amended, should have been applied against the value of said Volkswagen automobile imported by plaintiffs in accordance with the holding of said decision.

Upon the agreed facts and in accordance with the principles of the cited authority, we hold that the personal exemptions granted to plaintiffs, by virtue of said paragraph 1798(c), as amended, should be applied against the value of said automobile to the extent that said exemptions are otherwise uncharged.

Judgment will be entered accordingly.