(C.D. 2335)

UNITED CHINA & GLASS CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 30, 1962)

*Stein & Shostak* (*Marjorie M. Shostak* and *S. Richard Shostak* of counsel) for the plaintiff.
*William H. Orrick, Jr.*, Assistant Attorney General (*Mollie Strum* and *Sheila N. Ziff* trial attorneys), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges

JOHNSON, Judge: The merchandise covered by this protest is described as Provincial covered boxes, items 2521 and 2522, and match-holders, item 2752. At the trial, plaintiff abandoned the protest as to the covered boxes, limiting its claim to the matchholders.

The matchholders were assessed with duty at 50 per centum ad valorem and 10 cents per dozen pieces under paragraph 211 of the Tariff Act of 1930 as decorated earthenware articles, other than tableware, kitchenware, or table or kitchen utensils. It is claimed in the protest, as amended, that the merchandise is properly dutiable at 25 per centum ad valorem and 10 cents per dozen pieces under said paragraph 211, as modified by the General Agreement on Tariffs and Trade, T.D. 51802, or the Torquay Protocol to the General Agreement on Tariffs and Trade, T.D. 52739, and the President's notification of October 31, 1951, T.D. 52857, as decorated earthenware kitchenware or kitchen utensils.

The pertinent provisions of the tariff act are as follows:

PAR. 211. Earthenware and crockery ware composed of a nonvitrified absorbent body, including white granite and semiporcelain earthenware, * * * and all other articles composed wholly or in chief value of such ware; * * * painted, colored, tinted, stained, enameled, gilded, printed, ornamented, or decorated in any manner, and manufactures in chief value of such ware, not specially provided for, 10 cents per dozen pieces and 50 per centum ad valorem.

[PAR. 211, as modified by the General Agreement on Tariffs and Trade, T.D. 51802]. Earthenware and crockery ware composed of a nonvitrified absorbent body not wholly of clay, including white granite and semiporcelain earthenware, and cream-colored ware, terra cotta, and stoneware; any of the foregoing which are tableware, kitchenware, or table or kitchen utensils, painted,

colored, tinted, stained, enameled, gilded, printed, ornamented, or decorated in any manner:

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

Other tableware, kitchenware, and table and kitchen utensils, valued at $2 or more per dozen_____ 10¢ per doz. pieces and 25% ad val.

[Par. 211, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T.D. 52739, and T.D. 52857]. Earthenware and crockery ware composed of a nonvitrified absorbent body, including white granite and semiporcelain earthenware, \* \* \* and all other articles composed wholly or in chief value of such ware; all the foregoing whether \* \* \* painted, colored, tinted, stained, enameled, gilded, printed, ornamented, or decorated in any manner, and manufactures in chief value of such ware, not specially provided for:

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

Other tableware, kitchenware, and table and kitchen utensils:
Valued $2 or more per dozen (except ware and utensils having a body not wholly of clay, painted, colored, tinted, stained, enameled, gilded, printed, ornamented, or decorated in any manner)_____ 10¢ per doz. pieces and 25% ad val.

At the trial, a sample representative of the imported merchandise was received in evidence as plaintiff's exhibit 2. It consists of a decorated earthenware container, measuring 6½ by 3½ by 2¼ inches, with an extended open projection at the bottom, measuring 3½ by 1¼ by 1¾ inches. There is a small hole at the top of the back of the container.

Jerome Levy, vice president of the plaintiff company, testified that he had been with the firm for 38 years and that his duties included supervision of classification of articles for customs purposes, handling of papers for transmission to customs brokers, and examination of invoices. He sees the merchandise that is imported by plaintiff.

The witness testified that the article involved herein is purchased and sold as a matchholder. He had seen it used in his own kitchen and in kitchens in the homes of friends. It is used to contain matches and is placed near the stove, so that matches are available to light the stove, in the event the pilot lights go out, or to light the oven or the broiler. Mr. Levy produced a matchbox illustrative of the type that fits into the article. It is placed in the matchholder, so that the matches fall to the bottom where one can reach for a match for lighting the stove. The matchholder itself is designed to hang on the wall.

On cross-examination, the witness was shown brochures (defendant's exhibits A and B), entitled "United China & Glass Co. Gifts," illustrating various items in the Provincial pattern, including the article before the court. He testified that he was familiar with the

brochures and that they were distributed to the company's salesmen and customers and to the Government.

In describing item 2752, the brochures state:

2752   Match holder.   8″ tall.   Doubles as wall planter. * * *

Mr. Levy stated that that description was a mistake of the party writing the literature for the 1956 catalog and that the page was rerun without any corrections in the 1957 catalog. He did not know whether corrections had been made in subsequent catalogs. He said, however, that his company planned to import the item again and to reissue the catalog page, describing the merchandise as a matchholder only.

The witness testified that he had never seen an article like plaintiff's exhibit 2 used as a wall planter and that, if it were so used, the water from the plant would run out, because the bottom portion is too shallow to hold water. In his opinion, the article does not meet the requirements of the type of merchandise which is normally offered as a wall planter.

Referring to plaintiff's illustrative exhibit 1, a page containing pictures of the imported item and other articles, Mr. Levy testified that it illustrated kitchenware and pantryware in the Provincial pattern and that the matchholder was a part of that line. The page includes illustrations of jars or canisters for spices, coffee, tea, sugar, and flour, a salt box, salt and pepper shakers, jugs, a cookie jar, a spoon rest and salt shaker, an oil and vinegar set, and a waffle set, as well as the matchholder. Other pages include giftware, tableware, and gourmetware, all in the Provincial pattern.

There were also received in evidence other pages of the 1956 and 1957 catalogs, illustrating other articles in the Provincial line, such as baskets, trays, dinner bells, bonbon dishes, cigarette boxes, ashtrays, candy boxes, and other items.

On the record presented, plaintiff claims that it has made out a *prima facie* case supporting its contention that matchholders fall within the category of "kitchenware, and table and kitchen utensils," dutiable at 25 per centum ad valorem and 10 cents per dozen pieces, under paragraph 211, as modified, *supra*. Defendant claims that the evidence is insufficient to establish that the imported article is chiefly used as kitchenware, or table or kitchen utensils.

The following definitions are pertinent to the determination of the meaning of the term "kitchenware" and "kitchen utensils":

Webster's New International Dictionary, 2d edition, unabridged:

kitchen, *adj.* Used, or suitable for use, in the kitchen; as, *kitchen* utensils; *kitchen* salt. [Italics quoted.]

kitchenware, *n.* Hardware for kitchen use.

hardware, *n.* Ware made of metal, as fittings, trimmings, cutlery, tools, parts of machines and appliances, metal building equipment, utensils, etc.; ironmongery.

utensil, *n.* An instrument or vessel, esp. one used in a kitchen or dairy.

Funk & Wagnalls New Standard Dictionary:

kitchenware, *n.* Cooking-utensils, as pots, pans, etc.

utensil, *n.* Something that is used; a thing serving a useful purpose; formerly, a thing of varied use; as, *utensils* of war or observation; now, more especially, an implement or vessel for domestic or farming use; as, *kitchen utensils.* [Italics quoted.]

Webster's New World Dictionary of the American Language:

kitchenware, *n.* Kitchen utensils; pots, pans, etc.

In the summaries of Tariff Information, 1948, published by the United States Tariff Commission, volume 2, part 1, page 156, it is stated:

Earthenware table and kitchen articles may be defined as pottery articles which have an absorbent, opaque body and which are for use in preparing, serving, or storing food and drink.

In *United States* v. *Butler Bros.*, 33 C.C.P.A. (Customs) 22, C.A.D. 310, it was held that Congress did not intend the provision in paragraph 212 of the Tariff Act of 1930, assessing an additional duty of 10 cents per dozen separate pieces on all tableware, kitchenware, and table and kitchen utensils, to apply to all utensils composed of china which might be termed "household utensils," but only to "table" and "kitchen utensils."

In *Butler Bros.* v. *United States*, 6 Cust. Ct. 444, C.D. 512, the record of which was incorporated in the case which came before the court of appeals, *supra*, this court stated (p. 446):

As to the articles in question being properly classifiable as a "table * * * utensil," we are of the opinion that Congress, in writing the provision for a duty of 10 cents per dozen separate pieces upon table and kitchen utensils, had no intention of applying such duty to all table and kitchen *articles.* Had such been the intention, Congress very easily could have so stated and entirely omitted the provision for tableware or kitchenware as being included within the more general classification. Unquestionably a more narrow meaning was intended in the use of the word "utensils." [Italics quoted.]

After quoting several definitions of "utensil," the court concluded (p. 447):

* * * In other words, a utensil is an article capable of being utilized in the sense of a tool or implement or instrument useful in accomplishing a specific result.

In view of the common meaning of "utensil," the term "table utensil" as used in paragraph 212 embraces an article of such character that it may be utilized in performing work or producing an effect, such as in the preparation of food or drink.

The term "household utensils," as used in paragraph 339 of the tariff act, has been held to refer to articles which are chiefly used in the household for utilitarian and not ornamental purposes. *United*

*States* v. *S. P. Spinner Co., Inc.*, 46 C.C.P.A. (Customs) 105, C.A.D. 708, and cases cited.

Since the terms "kitchenware" and "kitchen utensils" appear in paragraph 211 of the Tariff Act of 1930, as modified, which covers earthenware, it is evident that the meaning of those terms for tariff purposes is not limited to hardware for kitchen use, that is, ware made of metal. On the other hand, it is also clear that those terms do not include all kitchen articles nor all household utensils. In view of the authorities cited, we conclude that, in order for articles to be considered kitchenware or kitchen utensils for tariff purposes, they must be chiefly used in kitchens for utilitarian purposes, such as preparing, serving, or storing food or drink.

In the instant case, the collector has classified the merchandise as decorated earthenware articles, other than kitchenware or kitchen utensils. It is presumed that he found every fact to exist that is necessary to sustain such classification. *E. I. du Pont de Nemours & Co.* v. *United States*, 27 C.C.P.A. (Customs) 146, C.A.D. 75; *United States* v. *Zoltan Erdosi*, 40 C.C.P.A. (Customs) 137, C.A.D. 509. The burden rests upon the plaintiff to establish that the merchandise is chiefly used as kitchenware or kitchen utensils. *Wah Shang Company* v. *United States*, 44 C.C.P.A. (Customs) 155, 158, C.A.D. 654; *The Baltimore and Ohio Railroad Company* v. *United States*, 33 Cust. Ct. 309, Abstract 58248.

Chief use is a question of actual fact which must be established on the basis of positive testimony representative of an adequate geographical cross-section of the country. *L. Tobert Co., Inc., American Shipping Co.* v. *United States*, 41 C.C.P.A. (Customs) 161, 164, C.A.D. 544. While the testimony of a single competent witness may suffice, such witness must be sufficiently qualified and the testimony must be of a convincing character and not negatived by the samples themselves. *United States* v. *S. S. Perry*, 25 C.C.P.A. (Customs) 282, T.D. 49395; *United States* v. *Gardel Industries*, 33 C.C.P.A. (Customs) 118, C.A.D. 325. Chief use in one state or one part of the country does not, without more, establish chief use throughout the United States. *Pacific Guano & Fertilizer Co. et al.* v. *United States*, 15 Ct. Cust. Appls. 218, T.D. 42240; *United States* v. *Spreckels Creameries, Inc.*, 17 C.C.P.A. (Customs) 400, T.D. 43835. It is proper to consider not only the testimony offered, but the characteristics of the merchandise itself, since the presumption of correctness attaching to the collector's classification may be overcome by the probative effect of the sample. *United States* v. *Colibri Lighters (U.S.A.) Inc.*, 47 C.C.P.A. (Customs) 106, C.A.D. 739; *United States* v. *Borgfeldt & Co.*, 13 Ct. Cust. Appls. 620, T.D. 41461; *United States* v. *The Halle Bros. Co.*, 20 C.C.P.A. (Customs) 219, T.D. 45995.

The only testimony in the instant case as to the use of the merchandise is that of Jerome Levy, who stated that he had seen such articles used as matchholders in his own kitchen and in those of friends. He did not specify on how many occasions he had seen the merchandise used or in what part of the country. Such testimony does not establish chief use at the time of importation in an adequate geographical cross-section of the country. *Pacific Guano & Fertilizer Co. et al.* v. *United States, supra; United States* v. *Spreckels Creameries, Inc., supra.* Furthermore, it is negatived by the statements in plaintiff's brochures that the article doubles as a wall planter. While the witness claimed that such description was a mistake, it has apparently appeared in the brochures since 1956. Evidently, use as a wall planter was considered an additional inducement to purchase the merchandise.

Furthermore, even if the article is a matchholder, an article having a utilitarian purpose, the evidence does not establish that it is chiefly used in kitchens in all parts of the United States. It is a decorative item and could be used appropriately in any place where large-sized matches might be needed; for instance, in homes or summer cottages, which have open fireplaces in living rooms or bedrooms.

No evidence has been presented showing that articles, such as those here involved, are known commonly or in the trade as kitchenware or kitchen utensils. While plaintiff's brochures list such articles under kitchenware or pantryware or as accessories for kitchen or table service, it has not been established that they are so known generally or that they are, in fact, chiefly used as kitchenware.

The cases cited by plaintiff were submitted upon a stipulation of counsel for the respective parties that the merchandise was, in fact, tableware or kitchenware. The particular articles involved were containers for storing food. *United China & Glass Co.* v. *United States,* 43 Cust. Ct. 317, Abstract 63287 (cookie jars); *United China & Glass Co.* v. *United States,* 39 Cust. Ct. 351, Abstract 61011 (decorated earthenware boxes; pantry jars); *United China & Glass Co.* v. *United States,* 40 Cust. Ct. 546, Abstract 61911 (decorated earthenware covered boxes; pantry jars); *United China & Glass Co.* v. *United States,* 46 Cust. Ct. 531, Abstract 65777 (decorated earthenware salt boxes).

The merchandise in *Amico Novelty Corp.* v. *United States,* 63 Treas. Dec. 1293, Abstract 23078, consisted of metal gas lighters used to light open gas jets, held dutiable as kitchen or household utensils under paragraph 339 of the Tariff Act of 1930. Those articles were clearly utensils and were sold as kitchen necessities.

For the reasons stated, we hold that the plaintiff has failed to overcome the presumption of correctness attaching to the collector's classification of this merchandise as decorated earthenware articles, other than tableware, kitchenware, or table or kitchen utensils, dutiable at

50 per centum ad valorem and 10 cents per dozen pieces, under paragraph 211 of the Tariff Act of 1930.

The protest is overruled and judgment will be rendered for the defendant.